**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARIELA SALAZAR,<br>              Appellant,<br><br>     v.<br><br>DEPARTMENT OF HOMELAND<br>   SECURITY,<br>             Agency. | DOCKET NUMBER<br>DA-0752-14-0496-I-1<br><br><br><br>DATE: July 14, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Javier Pena, Esquire, Edinburg, Texas, for the appellant.

Lisa M. Ezra, Esquire, and Jennifer Petelle, Esquire, Laredo, Texas, for the
   agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
affirmed her removal from service. Generally, we grant petitions such as this one
only when: the initial decision contains erroneous findings of material fact; the
initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held an Agriculture Specialist position for the agency's Bureau of Customs and Border Protection (CBP) in Laredo, Texas. Initial Appeal File (IAF), Tab 1 at 2, Tab 9 at 92. In June 2013, she was randomly selected for a drug test. *See* IAF, Tab 12 at 35. The results revealed the presence of cocaine. *Id*. at 44, 139.

¶3 In August 2013, the agency charged the appellant with testing positive for a controlled substance in a random drug test and proposed her removal. *Id*. at 35-37. She responded in May 2014, after the agency granted numerous requests for extensions. IAF, Tab 9 at 99-162; *see* IAF, Tab 11 at 34-35. Subsequently, the agency issued its decision, removing the appellant from service. IAF, Tab 9 at 94-97.

¶4 The appellant filed the instant appeal. IAF, Tab 1. After holding the requested hearing, the administrative judge affirmed the agency's action. IAF,

Tab 25, Initial Decision. The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶5    In her petition, the appellant argues that the administrative judge erred by refusing to allow a representative to participate on the first day of the hearing, which resulted in one agency witness having to testify later by telephone, rather than by videoconference.[3] PFR File, Tab 1 at 6. We disagree.

¶6    The appellant's appeal was scheduled for 2 days of hearing, rather than 1 day, to accommodate the deciding official's scheduling conflict. *See* IAF, Tab 8 at 1, Tab 16 at 4-5, Tab 18 at 2. However, neither the appellant nor her designated representative appeared on the first hearing date, September 30, 2014, when the deciding official was scheduled to testify via videoconference. IAF, Tab 23 at 1. Instead, Chad Fulda of Heller and Fulda appeared, claiming to represent the appellant. *Compare* IAF, Tab 1 at 6, *with* IAF, Tab 23 at 1. Because Mr. Fulda was not the appellant's designated representative, the administrative judge rescheduled the deciding official's testimony for October 7, 2014, to be taken telephonically. IAF, Tab 23 at 1.

¶7    We first find no error in the administrative judge's decision to reschedule the September 30, 2014 video hearing, rather than move forward on that day with Mr. Fulda as the appellant's representative. The Board's regulations provide that parties must designate their representatives in writing. 5 C.F.R. § 1201.31(a). Here, the record contained no designation from the appellant, written or

---

[2] The appellant's petition presents no substantive challenge to the administrative judge's findings regarding the charge, nexus, or penalty, and we discern no basis for disturbing the administrative judge's well-reasoned findings as to the same. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

[3] The appellant's petition mistakenly cited the first day of hearing as September 15, 2014. PFR File, Tab 1 at 6. However, the hearing at issue was scheduled for and attempted on September 30, 2014. IAF, Tab 23. September 15, 2014, was the date of a prehearing conference, at which the appellant's representative failed to appear. IAF, Tab 18.

otherwise, that Mr. Fulda was her representative.  *See* IAF, Tab 1 at 6, Tab 20 at 5, Tab 23 at 1.

¶8        We next find no basis to disturb the administrative judge's decision to move forward with the deciding official's testimony on October 7, 2014, via telephone. In some cases, the Board has found that it may be reversible error to allow telephonic testimony regarding disputed factual matters because of the obvious impediment to the ability to observe the demeanor of witnesses.  *Compare Robertson v. Department of Transportation*, 113 M.S.P.R. 16, ¶¶ 10, 13-15 (2009) (finding that the administrative judge erred in taking testimony via telephone over the appellant's objection and that remand was necessary because the error had a potential adverse effect on her substantive rights), *with Lowe v. Department of Defense*, 67 M.S.P.R. 97, 99-101 (1995) (finding that the administrative judge erred by holding the hearing via telephone over the appellant's objections, but finding remand unnecessary because there was no basis to find that the error had a potential adverse effect on her substantive rights).  However, an administrative judge has wide discretion to control hearing proceedings.  *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015).  An appellant's failure to timely object to an administrative judge's rulings precludes her from doing so on review.  *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶9        As detailed above, the administrative judge cancelled the video testimony of the deciding official because neither the appellant nor her designated representative appeared for it.  IAF, Tab 23 at 1.  When the administrative judge rescheduled the testimony to be taken via telephone, she invited either party to file a written objection prior to the hearing.  *Id*. at 1-2.  However, the appellant failed to do so.  Instead, she orally objected at the start of the hearing, requesting a continuance.  IAF, Tab 24, Hearing Compact Disc.  Because that objection was untimely, we need not address it further on review.  *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 453 (1992) (finding that because the appellant did not object to the hearing schedule change prior to the hearing, he

failed to preserve the alleged error for the Board's review), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993).

¶10    Similarly, we need not address the appellant's remaining arguments.  In her petition for review, the appellant alleges that the agency used an outdated Drug-Free Workplace plan when it effectuated her removal, failed to notify her of the updated plan, and failed to comply with that updated plan.[4]  PFR File, Tab 1 at 6.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant failed to present the aforementioned allegations pertaining to the appropriate Drug-Free Workplace plan below.  *See* IAF, Tab 18 at 1-3, Tab 21 at 4-6.  Because the appellant has not explained her failure to raise the arguments before the administrative judge, we do not address them for the first time on review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

---

[4] Although the appellant's petition cited 2002 and 2013 as the dates of the respective Drug-Free Workplace policies, PFR File, Tab 1 at 6, it appears that she intended to refer to 2002 and 2012 policies, both of which were included in the agency's file below, *see* IAF, Tab 12 at 165-97 (2012 Drug-Free Workplace Plan), 222-76 (2002 Drug-Free Workplace Plan).

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.